ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| ANTHONY MARTÍNEZ QUINTERO | | |
|---|---|---|
| Recurrido | | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan |
| v. | **KLCE202500262** | |
| AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS; MUNICIPIO DE SAN JUAN; ACME | | Civil Núm.: SJ2024CV03170 |
| | | Sobre: DAÑOS Y PERJUICIOS |
| Peticionarios | | |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 5 de mayo de 2025.

Comparece ante este foro la Autoridad de Acueductos y Alcantarillados (AAA o "parte peticionaria") y nos solicitan que revisemos dos (2) determinaciones emitidas por el Tribunal de Primera Instancia, Sala Superior de San Juan. La primera una *Orden* notificada el 13 de febrero de 2025, y la segunda una *Resolución* notificada el 14 de febrero de 2025. En esencia, el foro primario denegó que la AAA presentara prueba adicional fuera del término del descubrimiento de prueba, puesto que, no mostró justa causa para su presentación tardía.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el *certiorari* de epígrafe.

### I.

El 4 de abril de 2024, el Sr. Anthony Martínez Quintero (señor Martínez o "el recurrido") presentó una *Demanda* sobre daños y perjuicios en contra del Municipio de San Juan, la AAA, y otros demandados de nombres

desconocidos.[1]  En esta, alegó que sufrió daños físicos y angustias mentales al caer por una alcantarilla que se encontraba sin tapa y la cual pertenece a la AAA.  Por ello, solicitó $140,000.00 por los daños, más costas, gastos y honorarios de abogado.

El 7 de junio de 2024, el Municipio de San Juan presentó su *Contestación a Demanda*.[2]  En esencia, como parte de sus defensas afirmativas, sostuvo que no son garantizadores de la seguridad de todas las personas que caminan por sus calles, aceras o dependencias.  A su vez, que no tienen bajo su jurisdicción, control y mantenimiento la alcantarilla sin tapa que alegadamente provocó la caída del recurrido, por lo que, no estaban obligados a responder.

De otra parte, el 10 de junio de 2024, la AAA presentó su *Contestación a Demanda*.[3]  Entre sus defensas afirmativas, indicó que no tenían bajo su jurisdicción la acera o lugar donde ocurrió el accidente, ni tenían a su cargo la reparación de esta.  A su vez, arguyó que era responsabilidad del usuario a quien pertenecía la cuenta en proteger y tomar las precauciones necesarias para evitar daños.  Por ello, solicitó fuera desestimada la *Demanda*.

El 11 de junio de 2024, fue presentado el *Formulario de Informe para el Manejo de Caso*.[4]  En este, la AAA indicó preliminarmente a los testigos que podría utilizar, entre ellos: Laiza M. Pizarro Santiago y Anelle Ramos Reyes.

---

[1] *Demanda*, anejo I, págs. 1-3 del apéndice del recurso.
[2] *Contestación a Demanda*, anejo II, págs. 4-9 del apéndice del recurso.
[3] *Contestación a Demanda*, anejo III, págs. 10-20 del apéndice del recurso.
[4] *Formulario de Informe para el Manejo de Caso*, anejo IV, págs. 21-28 del apéndice del recurso.

Así las cosas, el 27 de junio de 2024, el foro primario notificó una *Orden Manejo de Caso y Señalamiento de Conferencia Inicial*.[5] Mediante el cual dispuso lo siguiente:

> Evaluado el Informe de Manejo de Caso, se dispone:
>
> 1. Todo descubrimiento de prueba escrito que no se haya cursado deberá notificarse en 15 días, so pena de darse por renunciado.
>
> 2. Se ordena a la parte demandante notificar su informe pericial en 45 días. Una vez notificado, la parte demandada tendrá 45 días para evaluar al demandante y notificar su informe.
>
> 3. El descubrimiento de prueba se tendrá por concluido al 30 de noviembre de 2024.
>
> 4. Se señala Conferencia Inicial para el 4 de septiembre de 2024 a las 11:00am por videoconferencia. Fecha sugerida por los abogados/as. Comparezcan preparados para discutir alegaciones, defensas y posibilidad de transacción.

El 12 de septiembre de 2024, el señor Martínez presentó una moción solicitando desistimiento sin perjuicio a favor del Municipio de San Juan.[6] Así pues, el 13 de septiembre de 2024, el foro primario emitió una *Sentencia Parcial*, en la cual declaró *Ha Lugar* el desistimiento.[7] A su vez, indicó que los procedimientos del caso continuarían en cuanto a la AAA.

Según surge de la *Minuta* del 17 de septiembre de 2024, fue celebrada una *Conferencia Inicial*.[8] El foro primario indicó que las partes demandadas tenían hasta el 30 de septiembre de 2024 para que emitieran el resultado de su investigación sobre la jurisdicción. A su vez, que tenían hasta el 24 de enero de 2025 para

---

[5] *Orden Manejo de Caso y Señalamiento de Conferencia Inicial*, anejo V, pág. 29 del apéndice del recurso.
[6] *Moción Solicitando Desistimiento Sin Perjuicio*, anejo VI, pág. 30 del apéndice del recurso.
[7] *Sentencia Parcial*, anejo VII, pág. 31 del apéndice del recurso.
[8] *Minuta*, anejo VIII, págs. 33-34 del apéndice del recurso.

presentar el *Informe de Conferencia con Antelación al Juicio*.

El 27 de enero de 2025, fue presentado el *Informe sobre Conferencia Preliminar entre Abogados*.[9] En este, la AAA anunció como testigo a la Sra. Pizarro, además del Informe de Investigación y/o Aviso de Ocurrencia suscrito por ésta, así como otros testigos y prueba documental, nunca anunciada.

El 28 de enero de 2025, fue celebrada la *Conferencia con Antelación a Juicio y Vista Transaccional*.[10] Conforme surge de la *Minuta*, el representante legal del señor Martínez informó que la AAA presentó una certificación que fue producida después que concluyera el descubrimiento de prueba.

El 13 de febrero de 2025, el foro primario emitió una *Orden*,[11] en la cual determinó lo siguiente:

> En la Conferencia con Antelación a Juicio se trajo a la atención del Tribunal que la prueba anunciada por la AAA se notificó fuera del término del descubrimiento de prueba, por lo que la parte demandante se opuso a que se le permitiera el uso del informe de investigación y la prueba testifical en cuanto a dicho aspecto.
>
> Evaluado el expediente y considerando que no surge justa causa para que la AAA haya notificado dicha prueba expirado el término para ello, no se permite la prueba anunciada por la AAA.

En desacuerdo, la parte peticionaria presentó una *Moción de Reconsideración*.[12] En síntesis, sostuvo que el 13 de junio de 2024, la Sra. Laiza Pizarro Santiago, profesional de apoyo técnico de la AAA, realizó una inspección del registro existente del lugar donde se

---

[9] *Informe sobre Conferencia Preliminar entre Abogados*, anejo IX, págs. 35-65 del apéndice del recurso.
[10] *Minuta Conferencia con Antelación a Juicio y Vista Transaccional*, anejo X, págs. 66-67 del apéndice del recurso.
[11] *Orden*, anejo XI, pág. 68 del apéndice del recurso.
[12] *Moción de Reconsideración*, anejo XII, págs. 69-74 del apéndice del recurso.

alega ocurrió el accidente. A su vez, solicitó información adicional a funcionarios de la AAA, por lo que, el 22 de enero de 2025, finalmente gestionó y suscribió un aviso de ocurrencia o informe sobre la investigación realizada. A su vez, que el 31 de enero de 2025, la señora Pizarro suscribió un segundo aviso de ocurrencia con el propósito de incluir información adicional. De otra parte, aceptó que no logró completar su investigación antes de que finalizara el descubrimiento de prueba, no obstante, que no debían ser sancionados al eliminarles la prueba documental y testifical.

En la misma fecha, la AAA presentó una *Moción de Sentencia Sumaria*.[13] En esencia, expuso que no tenían bajo su jurisdicción los alcantarillados pluviales. A su vez, que la Ley Orgánica de la AAA no contenía disposición alguna que los responsabilizara por el mantenimiento y/o reparación de las aceras de Puerto Rico, ni el sistema de alcantarillado pluvial. Por consiguiente, alegó que no tenían una obligación sobre el mantenimiento o la reparación del registro y la plataforma que el recurrido alegó le causó su accidente.

El 14 de febrero de 2025, el señor Martínez presentó su *Oposición a Moción de Reconsideración y Moción de Sentencia Sumaria*.[14] En esta, indicó que el escrito de reconsideración de la AAA no presentó justa causa, ni nuevos fundamentos donde explicara su dilación para presentar la prueba luego del término establecido. Señaló, que la parte peticionaria reconoció que, desde

---

[13] *Moción de Sentencia Sumaria*, anejo XIII, págs. 89-104 del apéndice del recurso.
[14] *Oposición a Moción de Reconsideración y Moción de Sentencia Sumaria*, anejo XIV, págs. 119-120 del apéndice del recurso.

el 13 de junio de 2024, había investigado el lugar de los hechos, pero no fue hasta siete (7) meses después que notificó el informe que pretendía presentar.

En cuanto a la solicitud de sentencia sumaria, el señor Martínez arguyó que dicho escrito descansa precisamente en la evidencia que le fue prohibido presentar. Por ello, solicitó que fuera rechazada, ni se tomara en consideración.

En la misma fecha, el foro primario notificó una *Resolución*, en la cual concluyó:[15]

> Del historial procesal del caso es evidente que la AAA incumplió con los procedimientos y términos en este caso. Desde la emisión de la Orden de Manejo de Caso de 27 de junio de 2024, se dispuso que el descubrimiento de prueba culminaría el **30 de noviembre de 2024**. En la Conferencia Inicial se notificó por la AAA que faltaba la inspección y el informe, para lo cual se concedió hasta el **30 de septiembre de 2024**. No es hasta la vista de Conferencia con Antelación a Juicio en enero de 2025, que la AAA, 4 días antes de la misma notifica el informe aludido. La demás prueba documental incluida en el informe se produjo posterior a la Conferencia con Antelación a Juicio.
>
> De la moción de reconsideración presentada por la AAA, no se expone razón que justifique el incumplimiento y/o tardanza con el descubrimiento de prueba. Por otra parte, si la funcionaria de la AAA había realizado una inspección el 13 de junio de 2024, previo a la Conferencia Inicial, ¿por qué esto no fue informado a la otra parte o al Tribunal?
>
> Si bien es cierto que del examen del expediente surge que del Informe de Manejo de Caso sometido por las partes el **11 de junio de 2024**, se identifica como testigo de la AAA a la funcionaria Laiza Pizarro Santiago (Sumac 10), no es menos cierto que el "informe" que ésta suscribió se emitió y notificó a la otra parte fuera del descubrimiento de prueba. Aunque el descubrimiento de prueba debe ser flexible y tener como norte el descubrimiento de la verdad, el Tribunal no puede favorecer la desidia de una parte en producir su prueba a escasos días de la Conferencia con Antelación a Juicio y poner en desventaja a la otra parte.
>
> En virtud de lo expuesto, el Tribunal declara no ha lugar la solicitud de la AAA en relación con la prueba documental anunciada tardíamente y en cuanto a los testimonios de Alfredo Álvarez, Antonio Morera y Esther Ramos, así como

---

[15] *Resolución*, anejo XVI, págs. 122-125 del apéndice del recurso.

cualquier otro testigo y prueba documental no anunciada dentro del término dispuesto.

No obstante, en cuanto a Laiza Pizarro Santiago como testigo de la AAA que realizó una inspección el 13 de junio de 2024, se reconsidera en parte y se dispone que el Tribunal permitirá su testimonio toda vez que fue anunciado en el Informe de Manejo de Caso, condicionado al pago de una sanción económica a favor de la parte demandante de $250 la cual deberá satisfacerse en 15 días.

Se reitera que no se permite la prueba documental anunciada en el Informe de Conferencia con Antelación a Juicio.

Aun inconforme, el 17 de marzo de 2025, la AAA instó el presente recurso de *certiorari* y señaló los siguientes errores:

Erró el TPI y abusó de su discreción al eliminar de la prueba documental anunciada por la Peticionaria los avisos de ocurrencia o informes suscritos por Laiza M. Pizarro Santiago y las cartas o certificaciones suscritas por Antonio Morera, de Water Works Supliers Corp., y Esther Ramos, de Mocoroa & Castellanos, Inc., fechadas 23 y 27 de enero de 2025.

Erró el TPI y abusó de su discreción al eliminar de la prueba testifical anunciada por la Peticionaria a los testigos Antonio Morera, de Water Works Supliers Corp., y Esther Ramos, de Mocoroa & Castellanos, Inc.

Erró el TPI al denegar la moción de sentencia sumaria presentada por la AAA sin tomar en consideración la declaración jurada y suscrita por Laiza M. Pizarro Santiago, testigo que sí podrá ser presentada en el juicio.

El 28 de marzo de 2025 emitimos una *Resolución*, mediante la cual concedimos a la parte recurrida el término de quince (15) días para que presentara su postura. Sin embargo, transcurrido el término para presentar su escrito en oposición, la parte recurrida no compareció ante nos, por lo cual procederemos a resolver la presente controversia sin el beneficio de su comparecencia.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

Ante un recurso de *certiorari*, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019). Dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces

ejercerán su discreción. *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 849 (2023).

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**III.**

Es preciso comenzar por destacar que las determinaciones recurridas emitidas por el foro primario, a pesar de ser dictámenes interlocutorios, son susceptibles de revisión por parte de este foro, en virtud de la Regla 52.1 de Procedimiento Civil, *supra*.

En el caso de autos, la AAA presentó tres señalamientos de error, que por estar relacionados se discuten en conjunto. En esencia, alega que incidió el foro primario al eliminar prueba documental y testifical anunciada. A su vez, al denegar la sentencia sumaria sin tomar en consideración la declaración jurada de la Sra. Pizarro. Por ello, sostiene que abusó de su discreción el foro primario, ya que la decisión violenta su derecho a probar el caso.

Según dicta la norma, los foros revisores reconocemos amplia discreción a los foros de instancia para determinar el modo en que manejan los casos ante su consideración. De este modo, es preciso subrayar que nuestro Tribunal Supremo ha sido enfático en que, como

foros revisores, no debemos intervenir con las actuaciones de los foros primarios, en ausencia de que hayan actuado con prejuicio o parcialidad, o que hayan errado en la aplicación del derecho. Incluso, ha dispuesto que, en el caso de las actuaciones discrecionales, solo estaríamos en posición de intervenir para variar el dictamen, si el foro primario abusó de su discreción.

Luego de examinar la totalidad del expediente ante nuestra consideración, y en virtud de lo dispuesto en la Regla 52.1 de las Reglas de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento de este Tribunal, *supra*, concluimos que el foro primario no abusó de su discreción al así resolver. Por tanto, brindamos deferencia al foro primario y rechazamos intervenir en los méritos para variar los dictámenes recurridos.

### IV.

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el auto de *certiorari* solicitado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones